IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-CV-00115-M

CHRISTOPHER W. LIVINGSTON,

    Plaintiff,

v.

THE NORTH CAROLINA STATE BAR,
SUSANNAH B. COX, and KATHERINE E.
JEAN,

    Defendants.

ORDER

    This matter comes before the court on the Defendants' Motion to Dismiss Amended Complaint [DE 18]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Honorable Kimberly A. Swank, United States Magistrate Judge, issued a Memorandum and Recommendation ("M&R"), recommending that this court grant Defendant's motion and dismiss Plaintiff's federal claims in their entirety and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. DE 23. Plaintiff filed two objections to the M&R and Defendants responded to those objections. DE 24, 26. Having reviewed the entire record, the court accepts Judge Swank's recommendation and overrules Plaintiff's objections.

I.    **Standard of Review**

    A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under § 636(b)(1), a party's objections to an M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## II. Analysis

Judge Swank made three principal recommendations. First, Plaintiff's federal law claims against all Defendants are barred by the Eleventh Amendment. DE 23 at 9–10. Second, Plaintiff's federal law claims against Defendants Katherine Jean and Susannah Cox, state bar officials, in their personal capacities must be dismissed because Jean and Cox have absolute prosecutorial immunity. *Id.* at 10–11. Third, Plaintiff's state-law claims should be dismissed because there are no federal-law claims remaining to which the state-law claims may attach. *Id.* at 12.

The Plaintiff raises two objections to the M&R. First, in response to a footnote in the M&R, the Plaintiff asserts that *National Surety Co. v. Page*, 58 F.2d 145, 148 (4th Cir. 1932), is binding precedent from the Fourth Circuit. DE 24 at 1. Even assuming the objection is true, it has no bearing on the M&R's recommendations.

2

Second, Plaintiff objects to the M&R's recommendation that Cox and Jean are entitled to absolute prosecutorial immunity. Plaintiff argues they were not functioning as prosecutors but instead "were functioning as investigators prior to a determination of probable cause." DE 24 at 1. Judge Swank recommended the court find Jean and Cox protected by absolute prosecutorial immunity because they were performing activities analogous to criminal law prosecutors in determining whether to recommend prosecution. *See, e.g., Butz v. Economou*, 438 U.S. 478, 515 (1978) ("We also believe that agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts.").

The court agrees with Judge Swank's recommendation and overrules the Plaintiff's objection. "[P]rosecutorial immunity extends to state bar officials performing a disciplinary role." *See Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at *4 (E.D.N.C. Aug. 16, 2013), *aff'd sub nom. Myers v. Bizzell*, 673 F. App'x 310 (4th Cir. 2016). The crux of Plaintiff's claims against Jean and Cox hinge on allegations that they sent a letter of notice to the Plaintiff based on a frivolous grievance when they should have "determined without Plaintiff's input that no probable cause existed and dismissed the matter with no more than a courtesy notice to Plaintiff." Compl. ¶ 76. Jean and Cox investigation of a grievance to determine whether to pursue disciplinary action places them in a role analogous to prosecutors. *See Ostrzenski v. Seigel*, 177 F.3d 245, 250 (4th Cir. 1999) (finding the defendant absolutely immune when his "duties as a peer reviewer were analogous to those of a prosecutor reviewing the evidence to determine whether to recommend prosecution."). Plaintiff's objection relies extensively on *Goldstein v. Moatz*, 364 F.3d 205 (2004); however, this court agrees with Judge Swank's distinction between this case and *Goldstein*. In *Goldstein*, the Fourth Circuit held that patent-office officials were not entitled to absolute prosecutorial immunity because "unlike the peer reviewer in *Ostrzenski*," they "have

3

neither the statutory nor regulatory authority to recommend disciplinary action; they merely investigate." *Id.* at 217. Jean and Cox are granted the power and duty to recommend disciplinary action. *See* 27 N.C. Admin. Code 1B.0107(3),(4),(5); *see also Pak v. Ridgell*, No. 1:10-CV-1421-RDB, 2011 WL 3320197, at *6–7, n.9 (D. Md. Aug. 1, 2011) (explaining the distinction between *Goldstein* and *Ostrzenski* that absolute prosecutorial immunity did not attach to Patent and Trademark officials because they "had no power to recommend prosecution and did not serve as advocates in anyway."). Jean and Cox do more than "merely investigate." In the actions that gave rise to the present suit, Jean and Cox were investigating to determine whether to recommend disciplinary action. As in *Ostrzenski*, the officers "enjoy[ ] absolute immunity for the intertwined activities of making [their] recommendation to the Board and conducting the investigation to support [their] recommendation." *Goldstein*, 364 F.3d at 217. In addition, the court notes that the Plaintiff charges the Defendants with malicious prosecution while simultaneously arguing they are not acting as prosecutors.

Accordingly, *Goldstein* does not apply. Jean and Cox are entitled to absolute immunity. The court adopts Judge Swank's M&R and overrules Plaintiff's second objection.

4

## III. Conclusion

The court ACCEPTS the Memorandum and Recommendation [DE 23] in full and GRANTS Defendant's Motion to Dismiss [DE 18]. Plaintiff's federal claims are dismissed in their entirety and the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

SO ORDERED this 13th day of March, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE